IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02467-LTB-BNB

GLENN L. HERNET,

Plaintiff,

v.

LAURA MAYNES-CORTEZ,
ARISTEDES W. ZAVARAS,
BURL MCCULLAR,
NATHAN WIGGIN, and
BONNIE CANTU,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the plaintiff's **Motion for Preliminary Injunction** [Doc. #11, filed 1/29/08] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

## I. BACKGROUND

The plaintiff is currently incarcerated by the Colorado Department of Corrections ("DOC") at the Fremont Correctional Facility. The plaintiff filed his Prisoner Complaint (the "Complaint") on November 27, 2007. The Complaint contains the following allegations:

1. The plaintiff was convicted of unlawful sexual contact on April 20, 2004. *Complaint*, p. 4, ¶ 6. He was sentenced to two years to life in the DOC. Id.

2. The plaintiff completed Phase I of the Sex Offender Treatment and Monitoring Program ("SOTMP") on June 23, 2005. Id. at p. 5, ¶ 7.

3. The plaintiff started Phase II of the SOTMP on June 30, 2006. Id. at ¶ 8.

4. The plaintiff was terminated from Phase II on April 6, 2007. Id. at ¶ 9.

5. On April 11, 2007, the plaintiff received a "Reclassification Sheet" which stated that he had been terminated from the SOTMP. Id. at ¶ 10.

6. On May 8, 2007, the plaintiff received a "Notice of SOTMP Termination Review" which informed him that he was scheduled for a termination review on May 11, 2007. Id. at ¶ 11.

7. The plaintiff attended the termination review on May 11, 2007. Id. at ¶ 12. He did not receive adequate notice, and he was not permitted to call witnesses, present evidence, or be heard by an impartial panel. Id. at ¶ 13.

8. On May 23, 2007, the plaintiff was served with a "Disposition of SOTMP Termination Review" which confirmed his termination from the SOTMP. Id. at ¶ 14.

9. The plaintiff was reviewed by the Parole Board on November 29, 2004; November 28, 2005; October 30, 2006; and October 1, 2007. Id. at ¶ 15. He was denied parole each time because he has not completed SOTMP. Id.

The Complaint asserts three claims for relief. Claim One alleges that defendant Maynes-Cortez violated the plaintiff's due process and equal protection rights when she terminated the plaintiff from the SOTMP without any opportunity to be heard. Id. at p. 6. Claim Two alleges that defendant Zavaras violated the plaintiff's due process and equal protection rights when he failed to institute policies and practices to provide due process protections governing termination from the SOTMP. Id. at p. 7. Claim Three alleges that defendants McCullar, Wiggin, and Cantu violated the plaintiff's due process and equal protection rights when they "convened a deliberately predisposed hearing panel" after the plaintiff's termination from the SOTMP "with disregard for his right to receive adequate notice, call witnesses, present evidence, and be heard by an impartial panel." Id. at p. 8.

## II.  ANALYSIS

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and
(4) there is a substantial likelihood that the moving party will eventually prevail on the merits.  Lundgrin v. Claytor, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal.  Penn, 528 F.2d at 1185.

The following kinds of preliminary injunctions are disfavored:  (1) those that disturb the status quo; (2) those that are mandatory as opposed to prohibitory; and (3) those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits.  SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096 1098-99 (10th Cir. 1991).  "[A]ny preliminary injunction fitting within one of the disfavored categories must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course."  O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004).  The plaintiff seeks both a mandatory injunction and an injunction that

would disturb the status quo.[1]  Therefore, he "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of the harms." Id. at 976.

### A. Likelihood of Success on the Merits

The plaintiff bears the burden of establishing that he has a *substantial* likelihood of succeeding on the merits.  The following constitutes the plaintiff's entire argument regarding the likelihood he will succeed on the merits of his claims:

> There are three claims in the instant matter.  As regards Claim I, it is a very simple claim; namely, that Mr. Hernet was terminated by defendants from his participation in the SOTP Phase II program, without receiving the process due to him BEFORE his termination. The facts of that matter are chiseled in stone.  And the law under Beebe is crystal clear.
>
> If it please [sic] this Court to judicial [sic] notice: Mr. Hernet's Complaint is made under declaration pursuant to 28 U.S.C. § 1746, and 18 U.S.C. § 1621.  As such, it has the same force and effect as an affidavit.  Furthermore, attached to said Complaint are two documents from the Department of Corrections, which clearly document the dates of Mr. Hernet's termination from the SOTP Phase II program, and the date of his subsequent notice of the "termination review".

*Motion*, pp. 2-3, § IV.

Even taking as true the allegations of the Complaint (which are set forth above), the plaintiff's argument is vague and conclusory.  He does not provide any substantive discussion of the merits of his claims.  He cites to Beebe v. Heil, 333 F. Supp.2d 1011, 1016-17 (D. Colo. 2004), but does not provide any meaningful discussion of how the Beebe case establishes a

---

[1]Mandatory injunctions "affirmatively require the nonmovant to act in a particular way." SCFC, 936 F.2d  at 1099.  Injunctions that disturb the status quo alter the parties existing relationship.  Id. at 1100.  "The status quo is not defined by the parties' existing *legal rights*; it is defined by the *reality* of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights."  Id. (emphasis in original).

4

substantial likelihood that he will succeed on the merits of his own claims.² Moreover, the Beebe case was decided by a difference district judge than is assigned to this case and is not controlling or determinative.

The plaintiff has failed to establish that he has a substantial likelihood of succeeding on the merits of his claims.

**B. Irreparable Harm**

The plaintiff asserts that the defendants "have no intention to reinstate Mr. Hernet into the SOTP Phase II program[] until after the final decision of this case" and therefore he will not be paroled until "many years longer than he would otherwise have been eligible." *Motion*, p. 2, § III. The assertion is conclusory; the plaintiff does not provide any argument or evidence to establish that he would be released on parole but for his termination from the SOTMP.

I am aware that a presumption of irreparable injury exists where constitutional rights are infringed. Kikumura v. Hurley, 242 F.3d 950, 963 (10th Cir. 2001) (holding that a presumption of irreparable injury exists where plaintiff claimed that monetary relief would not properly redress the violation of his right to free exercise of religion caused by previous denials of pastoral visits). The plaintiff, however, has failed to establish a likelihood of success on his constitutional claims. As a result, he is not entitled to a presumption of irreparable injury.

Because the plaintiff has failed to establish that there is a substantial likelihood that he will prevail on the merits and that he will suffer irreparable injury unless the injunction issues, I need not address the remaining requirements for injunctive relief.

---

²In Beebe, the court held that an inmate sentenced under section 18-3-305(1) of the Colorado Sex Offender Lifetime Supervision Act had a liberty interest in obtaining sex offender treatment.

### III. CONCLUSION

I respectfully RECOMMEND that the plaintiff's Motion for Preliminary Injunction be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 14, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge