IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02467-LTB-BNB

GLENN L. HERNET,

Plaintiff,

v.

LAURA MAYNES-CORTEZ,
ARISTEDES W. ZAVARAS,
BURL MCCULLAR,
NATHAN WIGGIN, and
BONNIE CANTU,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On December 12, 2007, I granted the plaintiff leave to proceed without prepayment of fees or security pursuant to 28 U.S.C. §1915 [Doc. #5]. Based on the plaintiff's financial information, I found that the plaintiff was able to pay an initial partial filing fee of $10.00. In accordance with Section 1915, I ordered the plaintiff to pay within 30 days an initial partial filing fee of $10.00 or show cause why he has no assets and no means by which to pay the initial partial filing fee. Id. In addition, I ordered that after payment of the initial partial filing fee, the plaintiff must make monthly payments of 20% of the preceding month's income credited to his trust fund account or show cause each month why he as no assets and no means by which to make the monthly payments. Id. In order to show cause, the plaintiff was directed to file a current certified copy of his trust fund account statement. Id. I cautioned the plaintiff that if he failed to submit the monthly payments or show cause as directed above, his Complaint would be dismissed without further notice. Id.

As of March 27, 2008, the Court's docketing system reflected that the plaintiff had not paid his initial partial filing fee, and he had not submitted any subsequent monthly payments or copies of his trust fund account. Consequently, I ordered the plaintiff to show cause why this case should not be dismissed for failure to comply with an Order of this Court [Doc. #22].

The plaintiff responded that he had paid his initial partial filing fee and had made arrangements with the DOC to have 20% of his income sent to the Court on a monthly basis [Doc. #23]. I determined through the Court's accounting department that the plaintiff had paid his initial partial filing fee of $10.00. The initial payment was then docketed under entries #24 and #25. However, the plaintiff has never submitted 20% of his monthly income thereafter, nor has he submitted copies of his account statements to show cause why he cannot pay.

Consequently, I again ordered the plaintiff to show cause why this case should not be dismissed for failure to comply with my order to make monthly payments of 20% of the preceding month's income credited to his trust fund account or show cause each month why he as no assets and no means by which to make the monthly payments. I noted that the plaintiff-- not the DOC--is responsible for making his payments, or in the alternative, for submitting copies of his account statements to show cause why he cannot pay. I warned the plaintiff that failure to show cause on or before August 1, 2008, would result in my recommendation that this case be dismissed.

The plaintiff has not responded to my order to show cause. Accordingly,

I respectfully RECOMMEND that this case be DISMISSED without prejudice for failure to comply with an Order of this Court. D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and

file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated August 18, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge